IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

04 APR 16 PM 1: 40

CHARLES ROYBAL,

        Plaintiff,

**CIV – 0 4 – 0 4 2 1    CLACT RHS**

*CR-03-568 W.J. U.S. DISTRICT COURT NO.*
Second Judicial District Court No.  CV 2004-01757

ANTHONY JAMES AYALA;
SHAY KOHUT;
CATHERINE CANDELARIA;
and NATASHA MARTINEZ,

        Defendants.

## NOTICE OF REMOVAL

COMES NOW, Defendant, Anthony James Ayala, *Pro Se*, and in accordance with the

provisions of Title 28 U.S.C. Section 1446(a) hereby gives notice of his intent to remove the

above-entitled civil action to the United States District Court for the District of New Mexico, and

as grounds in support thereof Defendant Ayala states as follows:

1.     That on or about March 17, 2004, Charles Roybal filed a civil complaint for

        fraud, legal malpractice, breach of fiduciary duty, negligence, conspiracy to

        defraud and unfair practices against the above-named parties in the Second

        Judicial District Court of New Mexico entitled *Charles Roybal, Plaintiff v.*

        *Anthony James Ayala, et al., Second Judicial District Court No. CV 2004-01757.*

2.     The subject matter of the State Court Complaint was and is the subject matter of a

        forfeiture action filed by the United States pursuant to Title 21 U.S.C. Section 853

in *United State v. Gaberiel David Gomez and Charles Anthony Roybal, United States District Court Criminal No. CR 03-568 W.J.* on March 24, 2004.

3. This Court has original jurisdiction exclusive of the courts of the State, of any action or proceeding for the recovery of any forfeiture incurred under any act of Congress pursuant to Title 28 U.S.C. Section 1355 and of any seizure under any law of the United States not within admiralty or maritime jurisdiction pursuant to Title 28 U.S C. Section 1356.

4. This Court further has supplemental jurisdiction over all other claims related to the forfeiture o the subject matter pursuant to Title 28 U.S.C. Section 1367.

5. Accordingly, as the subject matter complained of in the Plaintiff's state action is properly within the original jurisdiction of the United States District Court for the District of New Mexico removal of State Cause of Action No. CV 2004-01657, to this Honorable Court is proper.

6. Defendants ShayLynn Kohut, Catherine Candelaria, and Natasha Martinez join Defendant Anthony James Ayala in his desire to remove the state action named herein to the United States District Court for the District of New Mexico.

WHEREFORE, Defendant Ayala prays this Honorable Court issue its order allowing removal of State cause of action No. CV 2004-01752, and further order an evidentiary hearing be held at the earliest possible date, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Anthony James Ayala
Defendant, *Pro Se*
P.O. Box 1966
Albuquerque, NM 87103
505/247-4321
505/247-4441 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was sent by U.S. Mail, postage prepaid, to Ray Towhig, P.C., Attorney for Charles Roybal, 8998 Rio Grande Blvd. NW, Albuquerque, NM 87114; and to Mr. Ronald Mikus, Attorney for Defendants Kohut, Candelaria and Martinez, P.O. Box 1966, Albuquerque, New Mexico 87103, this 16 day of April 2004.

Anthony James Ayala

3

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ENDORSED
FILED IN MY OFFICE THIS

No. CV 2004 01757

MAR 1 7 2004

CHARLES ROYBAL,

*Quanita M. Lucas*
CLERK DISTRICT COURT

     Plaintiff,

vs.

ANTHONY JAMES AYALA, SHAY KOHUT,
CATHERINE CANDELARIA and NATASHA
MARTINEZ,

     Defendants.

## COMPLAINT FOR FRAUD, LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, CONSPIRACY TO DEFRAUD AND UNFAIR PRACTICES

I.    INTRODUCTION

This is a complaint for fraud, legal malpractice, breach of fiduciary duty,

negligence, conspiracy to defraud the Plaintiff and unfair trade practices.

II.    PARTIES, JURISDICTION

1.    Plaintiff Charles Anthony Roybal is currently a resident of Sandoval

County, New Mexico, being in the custody of the United States Marshal and a resident

of the Sandoval County Detention Center as a result of a jury verdict on Federal criminal

charges. He is a citizen of the State of New Mexico.

2.    Defendant Anthony James Ayala is an attorney at law licensed to practice

in the State of New Mexico. He has operated his law practice as a business in the City

of Albuquerque, Bernalillo County, New Mexico during the entire period during which

the actions complained of occurred. He has represented the Plaintiff and his actions

complained of herein occurred both during and after that period of representation. He is a resident of Bernalillo County, New Mexico.

3.     Shay Kohut was, at all times relevant to this complaint, a notary public and an employee of Defendant Ayala. She is a resident of Bernalillo County, New Mexico.

4.     Catherine Candelaria is a resident of the City of Albuquerque, Bernalillo County, New Mexico. She resides at 2117 Rio Grande, N.W., Albuquerque, New Mexico and she was the live-in girlfriend of the Plaintiff for more than fifteen (15) years until the time of his arrest on March 27, 2003.

5.     Natasha Martinez is the daughter of Catherine Candelaria and, was not at any time, a paralegal working for the office of Anthony Ayala. She is a resident of Bernalillo County, New Mexico.

6.     The actions which gave rise to this complaint occurred primarily in Bernalillo County, New Mexico beginning in March, 2003 and continuing to the date of the filing of this Complaint.

III.     FACTS

7.     Charles Anthony Roybal was a businessman and professional gambler for many years. He resided in Albuquerque, Bernalillo County, New Mexico. In recent years, Defendant Catherine Candelaria has resided with him in the residence located at 11316 Moroco NE, Albuquerque, New Mexico. The residence was owned by Plaintiff since approximately 1971.

8.     During some of the times relevant to this complaint, Charles Anthony Roybal was a licensed bail bondsman working with CA Bail Bonding, a business which he owned. In the course of that business, and also from his gambling and the operation

2

of rental properties. Plaintiff Roybal owned real estate and personal property of a

significant value.

9.      On March 27, 2003, Plaintiff was arrested on federal charges, including

conspiracy to traffic controlled substances, multiple counts of money laundering and

multiple counts of structured transactions.  The indictment included a provision

identifying certain properties and seizing them for the purpose of forfeiture. The seized

properties were limited to two residences. Since his arrest, the Plaintiff has been held in

federal custody.

10.      Plaintiff Roybal continued to have ownership and the right to control and

disposition of his unseized assets after his arrest. These assets were available to him to

use in the defense against the criminal charges against him.  However, on and after

March 29, 2003, Defendant Ayala concocted and implemented a scheme to obtain the

Plaintiff's assets. He did so by conspiring with the remaining Defendants to deceive and

mislead the Plaintiff in order to construct a phony and invalid power of attorney which

purported to contain the notarized signature of Plaintiff, which was dated March 29,

2003, and which purported to provide authorization for Defendant Catherine Candelaria

to control and distribute the Plaintiff's remaining assets.

11.      Plaintiff did not execute that power of attorney.  Instead, Plaintiff's

signature was obtained thereon by fraudulent means, carried out by the Defendants.

These fraudulent means included having the Plaintiff sign a completely different

document and then forging and substituting the completed power of attorney therefore

by means and methods unknown to Plaintiff. The final document is attached hereto as

Exhibit A and made a part of this Complaint.

3

12.     The Defendant's signature on Exhibit A was not notarized by the notary public shown on the power of attorney at the time the Plaintiff signed the different document. Instead, Natasha Martinez visited Plaintiff at the Torrance County Detention Facility where he was being detained, and had him sign a blank document, misrepresenting its purpose to him. She was not a notary public, and Exhibit A was not executed by Plaintiff in the presence of Defendant Shay Kohut or any other notary public. Later, Defendant Kohut, a notary public, visited Plaintiff at the detention facility and had Plaintiff sign different documents, advising him that he was signing papers related to a separate civil lawsuit, and also had him sign blank pages so she could notarize them in the event there was an error on the other pages. Defendant Kohut's purported notarization of the power of attorney was invalid, not only because the document which she notarized was not signed in its completed form by Plaintiff, but also because it was not signed in her presence as required by the Notary Public Act, NMSA 14-12A-7. Defendant Kohut thereby breached her duty to Plaintiff.

13.     Defendant Candelaria, acting in concert with and under the direction of Defendant Ayala, thereafter utilized the fraudulent, forged and invalid power of attorney in order to convey many of the assets of the Plaintiff to themselves, their friends and their relatives without the authorization of the Plaintiff and without any benefit to the Plaintiff.  These actions were undertaken with the full knowledge that Exhibit A was a forgery, and was completely void and invalid. These Defendants took those actions for the purpose of defrauding the Plaintiff and preventing the Plaintiff from having the benefit of his real and personal property and to prevent its full use for his criminal

4

defense. This also prevented Plaintiff from acting on his own behalf to have any of that property sold in order to finance the defense of his criminal charges.

14.     When Plaintiff, through his attorney Ray Twohig, notified Defendants Ayala and Candelaria by letter on December 24, 2003, that the power of attorney was void and was no longer of any force and effect, and demanded that these Defendants account for the property of the Plaintiff, Defendant Ayala entirely failed and refused to do so, relying on his right not to incriminate himself under the Fifth Amendment to the United States Constitution, and Defendant Candelaria provided a limited and inaccurate accounting. In part of her accounting, she represented that she had transferred title to some motor vehicles owned by Plaintiff and other assets to Defendant Ayala.

15.     Upon receipt of the December 24, 2003 notice and demand, when Defendant Anthony James Ayala determined that he would decline to answer any questions about the property, he had possession of an unknown number of motor vehicles and also money and jewelry which was owned by the Plaintiff.  He converted those items to his own use and continues to have access to and use of that property, and has sold or otherwise transferred other property of the Plaintiff.

16.     Defendant Ayala, upon information and belief, based on the limited accounting which was received from Defendant Candelaria, has received certain of Plaintiff's assets on the pretext that the Plaintiff owed him attorney fees and other monies, which Plaintiff did not owe and which Defendant Ayala wrongly claimed. Defendant Ayala has failed and refused to make any accounting to the Plaintiff for any sums which he received pursuant to the power of attorney which he had wrongly contrived.

5

17.    Defendant Candelaria, in a letter prepared, upon information and belief, with the assistance and participation of Defendant Ayala, accounted for some of the property, threatened the Plaintiff that if he sought to recover the property, she would falsely testify against him in the pending criminal proceeding, United States vs. Charles Anthony Roybal, United States District Court No. CR 2003-0568 WJ.  She made other threats against him at that time and also at earlier times in order to prevent him from seeking the return of his property.

18.    During the entire period of the conspiracy, and from the time of the Plaintiff's arrest, Defendant Ayala had an attorney client relationship with Plaintiff, representing him formally in a pending civil action, and also advising and representing him in the federal criminal case without entering a formal appearance in that case. Defendant Ayala was barred by the Code of Professional Responsibility, Rules 16-106 to 108, from advising or representing Plaintiff in any manner in the criminal case due to a conflict of interest arising from his representation of other defendants charged in the same indictment with Plaintiff and others who were uncharged. Mr. Ayala was, during this period of representation of Plaintiff, himself an unindicted coconspirator in that case.

19.    Notwithstanding these legal barriers to his representation of Plaintiff, Defendant Ayala continued to represent Plaintiff without entering a formal appearance in court. As part of that representation, Defendant Ayala advised and manipulated the Plaintiff in an unethical, dishonest and fraudulent manner to the Plaintiff's detriment by creating the forged and defective power of attorney in order to obtain Plaintiff's assets and also to prevent Plaintiff from being able to effectively defend the charges against him. These actions also had the intended effect of enabling other clients of Defendant

6

Ayala to obtain substantial benefits, both in the criminal case which was brought in Federal Court, and by avoiding being charged in that case. In doing so, Defendant Ayala engaged in legal fraud, legal malpractice and breach of his fiduciary duty to Plaintiff.

20.   The actions of Defendant Ayala constituted unconscionable trade practices as defined by NMSA 57-12-2, and as prohibited by NMSA 57-12-3.

21.   The actions of the Defendants in retrieving and transferring the assets of the Plaintiff not only deprived Plaintiff of those assets, but specifically prevented the Plaintiff from having sufficient funds to adequately defend himself in the criminal case which was pending against him.  The Plaintiff was rendered legally indigent, yet his claim of indigency was undermined because of the significant assets which he had at the time of his arrest, of which Defendants deprived him.  This prevented the Plaintiff from receiving funds from the United States for his defense.  The unavailability of funds from either the United States or from the Plaintiff's own assets prevented Plaintiff from having sufficient resources to adequately defend himself. As a result of his criminal conviction, Plaintiff continues to be incarcerated and is now facing a sentence of imprisonment for the remainder of his natural life.

22.   The Plaintiff has suffered extreme emotional distress in addition to his financial losses as a proximate result of the actions of the Defendants.

23.   Defendants' acts, as described herein, were intentional, wanton, malicious, outrageous and oppressive, and justify an award of punitive damages.

7

WHEREFORE, Plaintiff prays for judgment as follows:

a)    A declaratory judgment that the power of attorney is and was always void, and declare that Plaintiff owns all of the property which was transferred under it. A preliminary and permanent injunction requiring that appropriate instruments be issued to assure that title rests in the Plaintiff;

b)    An order requiring that Defendants account to Plaintiff for the assets which have been seized or otherwise affected pursuant to the power of attorney;

c)    Compensatory damages against the Defendants, in an amount sufficient to compensate Plaintiff for the injuries which he has suffered, to be determined at trial;

d)    Punitive damages against the Defendants, in an amount to be determined at trial;

e)    Treble damages against Defendant Ayala pursuant to NMSA 57-12-10B;

f)    Attorney fees against Defendant Ayala pursuant to NMSA 57-12-10C;

g)    Trial by jury;

h)    Pre-judgment and post-judgment interest;

i)    His costs of this action; and

j)    Such other relief as the Court deems just and proper.

Respectfully submitted,

RAY TWOHIG, P.C.

RAY TWOHIG
Attorney for Plaintiff
8998 Rio Grande Blvd., N.W.
Albuquerque, New Mexico 87114
505/898-0400
FAX: 505/898-0004

8

## DURABLE GENERAL POWER OF ATTORNEY
New Mexico Statutory Short Form

I, Carlo Roybal/Charles Roybal , reside in Albuquerque, Bernalillo County, New Mexico and Torrance County. I appoint Catherine A. Candelaria, to serve as my attorney-in-fact. My tenants are herein Ordered to pay rents due and owing to me, which are legally mine, to Catherine Candelaria in her name.

If any tenants refuse to pay as required by the Durable General Power of Attorney, Ms. Catherine Candelaria is Ordered to remove said tenants by eviction.

Also, I appoint Catherine A. Candelaria to collect money due and owing to me D/B/A C.A. Roybal Bail Bonding, Co.

My attorney-in-fact, Catherine Candelaria is to act in my name, place and stead in any way which I myself could do with respect to the following matters to the extent permitted by law:

- Real estate transactions including collecting rents from my tenants.
- Banking transactions;
- Business operating transactions;
- Insurance transactions;
- Gift and estate transactions;
- Claims and litigation;
- Government benefits;
- Records, reports and statements;
- Decisions regarding lifesaving and life prolonging medical treatment;
- Decisions relating to medical treatment, surgical treatment, nursing care, medication, hospitalization and home health care;
- Transfer of property or income;
- All other acts, powers, duties, rights or obligations whatsoever that I now have, or may hereafter acquire the legal right, power or capacity to perform, in connection with, arising from, or relating to any person, item, transaction, thing, business or matter whatsoever, as fully to all intents and purposes as I might could do if personally present;
- Collecting rents from Cindy Swallow, Michelle O'Brien, Loretta Hayar; in the name of Catherine Candelaria
- Transferring titles, bill(s) of sale (s) or any other documents required by MVD.
- Transfer any of my vehicles;
- This is a general power of attorney.





EXHIBIT

A