IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT

JUN 3 0 2004

Norman H. Meyer, Jr., CLERK

CHARLES ANTHONY ROYBAL,

Plaintiff,

vs.

Civ. No. 04-0421 MV/RHS

ANTHONY JAMES AYALA, SHAY
KOHUT, CATHERINE
CANDELARIA and NATASHA
MARTINEZ,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand and Memorandum in Support, filed May 24, 2004, **[Doc. No. 9]**. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

On March 27, 2003, Plaintiff was arrested on federal charges, including conspiracy to traffic controlled substances, multiple counts of money laundering and multiple counts of structured transactions. The indictment seized two residences owned by Plaintiff for forfeiture in the event of a conviction. Plaintiff, who was taken into custody, retained the right to control and dispose of his unseized assets. A jury verdict of guilty was rendered against Plaintiff as well as a monetary judgment in excess of $15,000,000.00. The United States is now seeking to forfeit Plaintiff's two residences as well as to obtain other assets to satisfy the monetary judgement.

On March 17, 2004, Plaintiff filed this action in state court asserting that Defendants conspired to obtain Plaintiff's assets by fraudulently constructing a power of attorney that purported to authorize Defendant Caldelaria to control and distribute Plaintiff's remaining assets. According to Plaintiff, Defendants used the fraudulent power of attorney to convey Plaintiff's assets to themselves, their friends, and their relatives, without Plaintiff's authorization. Plaintiff's Complaint alleges a number of state claims, including fraud, legal malpractice, breach of fiduciary duty, negligence, conspiracy to defraud, and unfair practices.

Defendants removed this action pursuant to 28 U.S.C. § 1446(a), asserting that the subject matter of Plaintiff's Complaint is the subject matter of the forfeiture action filed by the United States against Plaintiff and that this Court has original jurisdiction over the recovery of any action or proceeding for the recovery of any forfeiture pursuant to 28 U.S.C. § 1355 and of any seizure pursuant to 28 U.S.C. § 1356, and supplemental jurisdiction over all other claims related to the forfeiture of the subject matter pursuant to 28 U.S.C. § 1367. Plaintiff filed the instant motion to remand contending that there is no basis for federal jurisdiction.

## LEGAL STANDARD

Congress has granted federal courts removal jurisdiction to hear claims initially brought in state court if the federal district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Only state-court actions that originally could have been filed in federal court may be removed to

2

federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

One grounds for federal court jurisdiction is where the plaintiff's complaint presents a federal law question. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. *Williams*, 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule permits the plaintiff to be the "master of the claim" since "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Consequently, cases originally brought in state court may not be removed to federal court even if a federal defense is anticipated in the plaintiff's complaint, and "even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

The rule that the federal question must appear on the face of the plaintiff's complaint, however, is subject to an important exception. Under the "complete preemption doctrine," federal courts may exercise federal question jurisdiction over complaints that, although not presenting federal questions on their face, nonetheless present state law claims that are preempted by federal law. As the Supreme Court noted in *Metropolitan Life Ins. Co. v. Taylor*, a "corollary of the well-pleaded complaint rule ... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." 481 U.S. 58, 63-64 (1987). Thus, once "an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Williams*, 482 U.S. at 393; *see*

*also Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 24 (1983) ("[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law.").

## DISCUSSION

The Court must first determine if Plaintiff's Complaint could have been filed in federal court based on federal question jurisdiction. *See* 28 U.S.C. § 1441(a). Plaintiff's Complaint asserts claims for fraud, legal malpractice, breach of fiduciary duty, negligence, conspiracy to defraud, and unfair practices. None of these claims arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Thus, this Court does not have original jurisdiction over Plaintiff's action based on a federal question and the only possible basis for removal is the complete preemption doctrine.

Under the complete preemption doctrine, the Court must determine if Plaintiff's Complaint, although not presenting a federal question on its face, nonetheless presents state law claims that are preempted by federal law. Defendants contend that Plaintiff is "attempting to recoup some of what he will lose to the Government by claiming these defendants have defrauded him out of property that is rightfully the Government's" and that this type of claim properly lies within the original jurisdiction of the federal court pursuant to federal forfeiture and seizure laws. The Court disagrees.

Plaintiff's Complaint seeks an accounting, damages, and other relief against Defendants for defrauding Plaintiff of certain assets. The fact that some, or all, of these assets may be the

4

subject of a forfeiture proceeding by the United States is irrelevant to Plaintiff's state law claims against Defendants for their wrongful actions. Defendants may be liable to Plaintiff for their actions regardless of whether any recovery obtained from Defendants is ultimately turned over to the United States to satisfy the judgment against Plaintiff. The subject matter of Plaintiff's Complaint is entirely separate from the subject matter of the forfeiture action filed by the United States against Plaintiff. Accordingly, Plaintiff's Complaint does not come within the scope of federal forfeiture law such that this action necessarily arises under federal law for purposes of the complete preemption doctrine.

There is no basis for federal jurisdiction over Plaintiff's Complaint. Plaintiff's Complaint asserts only state law claims and these claims are entirely independent of the federal criminal forfeiture case. The fact that Plaintiff may be required to turn over the proceeds of any recovery from Defendants to the United States to satisfy the judgments against him in the federal criminal forfeiture action does not provide a basis for federal jurisdiction.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Memorandum in Support, filed May 24, 2004, **[Doc. No. 9]** is hereby **GRANTED**. This matter is remanded to State of New Mexico, County of Bernalillo, Second Judicial District.

Dated this 30th day of June, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>:
    Ray Twohig, Esq.

<u>Attorneys for Defendants</u>:
    Anthony James Ayala, *pro se*
    Ronald Mikus, Esq.